IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL Z. LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:08-CV-130-TFM |
| CHASE BANK USA, N.A., et al., | ) ) ) |
| Defendants. | ) ) |

## ANSWER OF CHASE BANK USA, N.A.

Defendant Chase Bank USA, N.A. ("Chase"), answers the Complaint as follows:

### FIRST DEFENSE

Answering the numbered paragraphs in plaintiff's Complaint as follows:

#### Response to Statement of the Parties

1. Chase is without sufficient information to admit or deny the allegations contained in paragraph 1.

2. With respect to the allegations contained in the first sentence of paragraph 2, Chase states that it is a national banking association, organized under the laws of the United States of America, with its main office in the State of Delaware. Chase admits that it does business in Barbour County, Alabama.

3. To the extent that the allegations contained in paragraph 3 are directed to Chase, Chase denies them.

## Response to Statement of Facts

4.    Upon information and belief, Chase admits that Deborah L. Lewis opened a credit card account with Chase. Chase is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4.

5.    Chase admits that plaintiff is an authorized user on a credit card account issued by Chase to Deborah L. Lewis. Chase is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5.

6.    Chase admits that Deborah L. Lewis became delinquent on a credit card account issued to her by Chase. Chase is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6.

7.    Chase admits that plaintiff applied for a credit card from Chase, which application was denied. Chase states that the contents of the letter from Chase to plaintiff conveying that denial speak for themselves. Chase is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7.

8.    Chase admits that plaintiff is an authorized user on a credit card account issued by Chase to Deborah L. Lewis. Chase is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8.

9.    Denied.

10.    Denied.

11.    Chase denies that it published or broadcast any defamatory material with respect to plaintiff. Chase is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 11.

12.    Denied.

### Response to Count I

13. Chase realleges all previous paragraphs as if fully set out herein.

14. Denied.

15. Denied.

16. Denied.

### Response to Count II

17. Chase realleges all previous paragraphs as if fully set out herein.

18. Denied.

19. Chase denies that it owed or breached any alleged duty to the plaintiff.

20. Denied.

21. Denied.

Chase denies that plaintiff is entitled to any of the relief requested in his prayer for relief.

### SECOND DEFENSE

Chase hereby denies any paragraph, portion of any paragraph, or other material averment in plaintiff's Complaint not previously referred to herein and demands strict proof thereof.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against Chase upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims may be subject to arbitration.

## FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff has waived, released, or is otherwise estopped from asserting the claims alleged in his Complaint.

## SEVENTH DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by federal law.

## EIGHTH DEFENSE

Defendant Chase has at all material times complied fully with the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, and all federal regulations promulgated pursuant thereto.

## NINTH DEFENSE

The plaintiff has no private right of action against Chase under these circumstances.

## TENTH DEFENSE

Plaintiff's claims against Chase are barred by qualified immunity.

## ELEVENTH DEFENSE

Chase denies that plaintiff has been injured, damaged, or harmed as a result of any act on the part of Chase or its agents, employees, or servants.

## TWELFTH DEFENSE

Chase avers that there is no causal relationship between its conduct and plaintiff's alleged injuries that are the basis of this lawsuit.

### THIRTEENTH DEFENSE

Any harm allegedly suffered by plaintiff was caused by the conduct of third parties for whom Chase owes no legal responsibility.

### FOURTEENTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by his own contributory negligence, consent, and/or acquiescence.

### FIFTEENTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH DEFENSE

Chase has acted at all times in good faith, with due care, and without malice or intent to injure plaintiff.

### SEVENTEENTH DEFENSE

Chase owes no legal duty to plaintiff.

### EIGHTEENTH DEFENSE

Chase denies that it breached any duty or obligation allegedly owed to plaintiff.

### NINETEENTH DEFENSE

Chase denies that it acted negligently, recklessly or wantonly.

### TWENTIETH DEFENSE

The plaintiff has failed to mitigate his damages.

### TWENTY-FIRST DEFENSE

To the extent that plaintiff seeks compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate Chase's right to procedural and substantive due process and equal protection under the Fifth and

Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering; therefore, plaintiff cannot recover compensatory damages for pain and suffering.

## TWENTY-SECOND DEFENSE

Chase's supplying of information, if any, was true, privileged, and/or justified.

## TWENTY-THIRD DEFENSE

Chase has not willfully or maliciously published any defamatory information with respect to plaintiff's credit status or credit file.

## TWENTY-FOURTH DEFENSE

Punitive damage awards in Alabama are unconstitutional because they are penal in nature yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; therefore, the plaintiff cannot recover punitive damages.

## TWENTY-FIFTH DEFENSE

Punitive damage awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of due process and equal protection provisions of both the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama; therefore, the plaintiff cannot recover punitive damages.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages are barred by Alabama Code §§ 6-11-20 and 6-11-27.

### TWENTY-SEVENTH DEFENSE

Chase affirmatively pleads and avers the protections afforded it by Alabama Code § 6-11-21.

### TWENTY-EIGHTH DEFENSE

The plaintiff's damages are barred by § 6-5-186.

### TWENTY-NINTH DEFENSE

The plaintiff's claims are barred because he has failed to satisfy all conditions precedent.

### THIRTIETH DEFENSE

Chase has at all times complied with the Equal Credit Opportunity Act of the Consumer Credit Protection Act, as amended, 15 U.S.C. § 1601, *et seq.*, and all regulations promulgated thereto.

Chase has not yet completed its fact investigation, and the parties have not yet conducted discovery in this case. Thus, Chase reserves the right to amend its Answer to add or supplement its affirmative defenses as may be appropriate.

**WHEREFORE**, Chase respectfully requests that this Court enter judgment in favor of Chase and against the plaintiff and grant such further relief as this Court deems just, proper, and necessary.

_____
Lee M. Pope  (ASB-9286-P43L)

_____
Helen Kathryn Downs
(ASB-8460-074H)

Attorneys for Defendant
Chase Bank USA, N.A.

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village
Suite 901
Birmingham, Alabama  35209
Telephone:    (205) 458-9400
Facsimile:    (205) 458-9500
E-mail:       lmp@johnstonbarton.com
              hkd@johnstonbarton.com

OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing upon the following parties and/or counsel of record and placing a copy of the same in the United States mail, properly addressed and postage prepaid on this the 22 day of February, 2008:

Mr. L. Shane Seaborn
Mr. Will Partin
PENN & SEABORN, L.L.C.
Post Office Box 688
Clayton, AL  36016

_____
Of Counsel

8