IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, RECEIVED
NORTHERN DIVISION

2008 FEB 21  P 4:43

| | |
|---|---|
| DANIEL Z. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2.08CV130 - |
| | ) |
| CHASE BANK USA, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF REMOVAL

Defendant Chase Bank USA, N.A. ("Chase"), hereby certifies that on this the 21st day of February, 2008, the above-styled action was removed to this Court, and that on this same date a copy of the Notice of Removal was filed with the Clerk of the Circuit Court for Barbour County, Alabama.

_____
Lee M. Pope (POP008)

_____
Helen Kathryn Downs (DOW019)

Attorneys for Defendant
Chase Bank USA, N.A.

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone:   (205) 458-9400

Facsimile: (205) 458-9500
lmp@johnstonbarton.com
hkd@johnstonbarton.com

OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21 day of February, 2008, I have served a true and correct copy of the foregoing on the following counsel of record by placing a copy of the same in the United States Mail, properly addressed and postage prepaid:

Mr. L. Shane Seaborn
Mr. Will Partin
PENN & SEABORN, L.L.C.
Post Office Box 688
Clayton, AL 36016

_____
Of Counsel

W0634118.DOC

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| DANIEL Z. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 06-CV-2008-900002.00 |
| ) | |
| CHASE BANK USA, N.A., et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:  Mr. David S. Nix
     Circuit Court Clerk
     Barbour County Courthouse
     P.O. Box 219
     Clayton, Alabama 36016-0219

Please take notice that on the 21st day of February, 2008, the above-styled action was removed by defendant Chase Bank USA, N.A., to the United States District Court for the Middle District of Alabama, Northern Division, by filing a Notice of Removal in said court. A true and correct copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit 1.

/s/ Lee M. Pope
Lee M. Pope (POP008)


/s/ Helen Kathryn Downs
Helen Kathryn Downs (DOW019)

Attorneys for Defendant
Chase Bank USA, N.A.

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone:     (205) 458-9400
Facsimile:     (205) 458-9500
Email:         lmp@johnstonbarton.com
               hkd@johnstonbarton.com

### CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. L. Shane Seaborn
Mr. Will Partin
PENN & SEABORN, L.L.C.
Post Office Box 688
Clayton, AL  36016

/s/ Lee M. Pope
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL Z. LEWIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: _____ |
| CHASE BANK USA, N.A., et al., | ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Chase Bank USA, N.A. ("Chase"), files this notice to effectuate the removal of the above-styled action from the Circuit Court of Barbour County, Alabama, Clayton Division, to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441 *et seq.*, on the basis of the following facts that demonstrate subject matter jurisdiction in this Court based on a federal question:

1.　　This action was commenced by plaintiff Daniel Lewis ("Lewis") in the Circuit Court of Barbour County, Alabama, on January 14, 2008. Chase was served by certified mail on January 22, 2008. This Notice of Removal is being filed within thirty (30) days after service of the Summons and Complaint on Chase and is therefore timely. 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), legible copies of all process and pleadings filed in the state court are attached hereto as Exhibit A.

2.　　This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because the action involves a federal question. The Complaint alleges claims of defamation, negligence, and wantonness arising solely from Chase's alleged reporting of "defamatory and

**EXHIBIT 1**

adverse credit" information on Lewis. Complaint, ¶10. These claims, although couched as state common-law claims, necessarily invoke a federal statute – namely, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") – which exclusively governs Chase's obligations to its credit cardholders with respect to credit reporting. Thus, this action is removable to federal court because it could have been filed originally in this Court based on federal question jurisdiction. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 over any remaining claims because they form part of the same case or controversy.

## FEDERAL QUESTION JURISDICTION

3. Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because Lewis asserts claims that on their face arise under federal law. Alternatively, (1) Lewis' claims are completely preempted by federal law, and (2) the resolution of Lewis's claims will necessitate the adjudication of substantial, disputed questions of federal law.

4. The plaintiff's claims may be denominated as state law torts, but the Complaint on its face asserts only a federal claim under the FCRA for inaccurate credit reporting. A well-pleaded complaint may raise a federal question either by (1) expressly asserting a federal cause of action, or (2) presenting state claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and statue judicial responsibilities." *Grable & Sons Metal Prods. v. Darve Eng'g. & Mfg.*, 545 U.S. 308, 314 (2005). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5-6 (2003) (a suit arises under the federal law when "the plaintiff's statement of his own cause of action shows that it is based upon those laws.") Chase appeals to this Court to pierce through the form of this Complaint to its substance. The validity of all of the

2

plaintiff's claims depends upon federal law, for which the federal courts are the appropriate forum. Otherwise the plaintiff's "artful pleading" will have the effect of depriving this defendant of its right to federal jurisdiction.

5. Alternatively, although Lewis's Complaint is couched in state law claims, application of two exceptions to the well-pleaded complaint rule reveals that the claims arise under federal law. The first exception is the doctrine of complete preemption. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 393 (1987). Complete preemption occurs when a federal statute "wholly displaces" a state-law cause of action. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. at 8 (state law usury claims asserted against a national bank were properly removed despite the fact that the complaint did not refer to any federal law based on complete preemption to ensure uniform rules limiting the liability of national banks and prescribing exclusive remedies). When a federal statute completely preempts a state-law cause of action, "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law" and may be removed under 28 U.S.C. § 1441(b). *Id*; *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law."); *Caterpillar*, 482 U.S. at 393 ("If a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law.")

6. This Court, along with many other district courts, has held that § 1681t(b)(1)(F) of the FCRA totally preempts all state common law claims against furnishers of credit information based on their alleged furnishing of inaccurate information. *See, e.g., Knudson v. Wachovia Bank, N.A.*, 513 F. Supp. 2d 1255, 1260 (M.D. Ala. 2007) ("The violations of state

3

[tort] law which [the plaintiff] has alleged concern conduct which is regulated by *§ 1681s-2*. Under the plain language of *§ 1681t(b)(1)(F)*, therefore, [the plaintiff's] state law claims are preempted.") A federal statutory preemption provision that displaces any state causes of action in a specified field renders a claim federal, "notwithstanding the fact that state law would provide a cause of action in the absence of [the federal cause of action]." *Beneficial Nat'l Bank*, 539 U.S. at 7. This doctrine recognizes that "the preemptive force of certain federal statutes is so strong that their implication in a case can convert an ordinary state claim into a federal claim." *Palmer v. Local 8285 U.S. Steelworkers of America*, 2007 U.S. App. LEXIS 9122, *1, 7-8 (11th Cir. 2007). The Court may examine the entire record to determine whether the real nature of a plaintiff's claim is federal when the plaintiff has by "artful pleading" attempted to defeat a defendant's right to a federal forum. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981).

7. The second exception to the well-pleaded complaint rule provides that a plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." *Franchise Tax Board v. Laborers Vacation Trust*, 463 U.S. 1 (1983). Although a plaintiff's cause of action may be created by state law, the case may nonetheless "arise under" the laws of the United States if the plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. *Id.* at 13. The issue is whether the right to recovery necessarily turns on the interpretation of federal law. *Id.*

A. **Federal Preemption**

8. The plaintiff's Complaint alleges that Chase published, or reported, adverse credit information regarding the Plaintiff after Chase had knowledge that the information was false.

4

Complaint, ¶9. State law claims such as these against a credit furnisher such as Chase based on allegations of inaccurate credit reporting are completely preempted by the FCRA and, therefore, are removable based on federal question jurisdiction. *See Cox v. Beneficial Kansas, Inc.*, 2005 U.S. Dist. LEXIS 4168, *1, 12 (D. Kan. 2005); *see also Knudson*, 513 F. Supp. 2d at 1260.

9.      Congress passed the FCRA in 1968 to establish "reasonable procedures" for "meeting the [credit reporting] needs of commerce" and the banking industry "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §1681(b). Initially, the FCRA imposed requirements only upon consumer reporting agencies with respect to the contents and handling of consumers' credit reports, and not upon credit card companies or lenders who furnished credit information about consumers to such bureaus. S. Rep. No. 104-185 at p. 49. In September 1996, Congress passed the Consumer Credit Reporting Reform Act, which amended the FCRA. Pub. L. No. 104-208, 110 Stat. 3009. These amendments, which became effective in 1997, imposed new duties and liabilities on persons who furnish credit information to consumer reporting agencies, such as creditors and lending institutions, debt collection agencies, and credit processing companies. *See* 15 U.S.C. § 1681s-2. The term "furnisher of information" has been interpreted broadly to mean any entity "which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA and Trans Union." *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999).

10.    The 1996 amendments to the FCRA added a provision that preempts state law claims against a defendant relating to its conduct as a furnisher of credit information. 15 U.S.C. § 1681t (b)(1)(F). This section provides in pertinent part:

5

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to specified state code sections].

11. The legislative history of the 1996 Amendments reflects that Congress debated whether to displace various state laws in favor of a national federal uniform standard of liability for accurate credit reporting and procuring and using credit reports. *Kodrick v. Ferguson*, 54 F. Supp. 2d 788, 792-94 (N.D. Ill. 1999) (analyzing legislative history to determine whether to apply state law agency principles to impose liability on defendant company for its employee's wrongful acquisition of a credit report). The resulting 15 U.S.C. § 1681t(b)(1)(F), with an 8-year sunset provision, was a compromise with respect to the role of state law in those areas governed by the FCRA.[1] As the legislative history reflects, the 1996 preemption provision in § 1681t(b)(1)(F) created a trial period for testing the effectiveness of uniform national regulation of the consumer credit industry:

> Acknowledging that the preemption debate had been "contentious," Representative Kennedy explained that "this compromise provision is the product of a careful effort to balance industry's desire for nationwide uniformity with States' vital interest in protecting their citizens . . . . The 8-year preemption mandated by this bill will test the viability of a uniform national standard. If after 8 years the Federal law is not adequately protecting consumers, then I would expect States to step in once again and do the job." 140 Cong. Rec. H9810; *see also id.* at H9810 (remarks of Rep. McCandless: "I think that 8 years is long enough to foster national uniformity, but not too long to stifle State ingenuity."); *id.* at H9811 (remarks of Rep. Thomas: "We have compromised on the preemption issue so companies will not have to comply with a patchwork of State laws."); *id.* at H9815 (remarks of Rep. Castle: "Equally as important, this compromise will not

---

[1] Congress has enacted amendments to the FCRA, entitled the Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159, which render the preemption provisions of § 1681t(b) permanent. *See* Pub. L. 108-159, § 711(3).

> place an unfair regulatory burden on companies that provide credit to consumers . . . . This federal preemption will allow business to comply with one law on credit reports rather than a myriad of State laws.")

*Kodrick*, 54 F. Supp. 2d at 794. Based on this legislative history, Congress did not intend for the judiciary "to establish differing rules for subscribers based on the agency law in each forum." *Id.* Accordingly, the Court in *Kodrick* gave full preemptive effect to § 1681t(b)(1)(F) and declined to apply state common-law agency principles.

12. The plain language of § 1681t(b)(1)(F) reflects a manifest intent on the part of Congress to make all causes of action against credit furnishers that fall within the scope of this statutory provision federal in nature and, thus, removable to federal court. In addition, the 1996 amendments to the FCRA established a federal cause of action for consumers after a credit furnisher is put on notice through the bureaus of an alleged inaccuracy in a consumer's credit file. § 1681s-2(b). Section 1681s-2(a), also added in the 1996 amendments, provides additional federal rights of action by certain federal agencies. This is another indication that Congress intended to displace state causes of action with purely federal causes of action and a federal enforcement scheme. The FCRA, and its subsequent amendment, known as the FACT Act (*see* ¶ 14 below), also set forth procedures and remedies governing these federal causes of action, *see, e.g.*, 15 U.S.C. § 1681o, 1681n, yet another indicator of complete preemption. *See Beneficial Nat'l Bank*, 539 U.S. at 8. Moreover, the legislative history reflects that Congress intended to establish a uniform national standard governing the conduct of credit furnishers.

13. As previously discussed, this and other federal courts in Alabama have held that § 1681t(b)(1)(F) totally preempts all state common law claims against furnishers of credit information based on their alleged furnishing of inaccurate information. *See, e.g., Knudson*, 513 F. Supp. 2d at 1260 ("The violations of state [tort] law which [the plaintiff] has alleged concern

7

conduct which is regulated by *§ 1681s-2*. Under the plain language of *§ 1681t(b)(1)(F)*, therefore, [the plaintiff's] state law claims are preempted."); *Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002) ("the plaintiff's state [tort] claims are entirely preempted by 15 U.S.C. § 1681t(b)(1)(F)"); *Hasvold v. First U.S.A. Bank, N.A.*, 194 F. Supp. 2d 1228, 1239 (D. Wy. 2002) ("the FCRA preempts plaintiff's [defamation and invasion of privacy] claims against the defendant relating to it as a furnisher of information."); *Jamarillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001) ("It is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.' Any other interpretation would fly in the face of the plain meaning of the statute.").[2] Chase submits that this approach reflects the correct interpretation of the statute.

14. In addition, on December 4, 2003, Congress amended the FCRA. *See* Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159 ("FACT Act"). Significantly, the FACT Act reaffirmed and cemented Congress's intent to completely preempt all state causes of action relating to the responsibilities of furnishers of credit information, by making permanent the preemption provisions of § 1681t(b). Pub. L. 108-159, § 711(3).

15. The issue presented here is one of complete preemption. This question is jurisdictional in nature and focuses on whether Congress intended to make Lewis's cause of action federal and removable even though his Complaint alleges state law claims. The plain language of the 1996 and 2003 amendments to the FCRA and the accompanying legislative

---

[2] The *Jaramillo* court subsequently reconsidered its decision with no published rationale. *Jaramillo v. Experian Information Solutions, Inc.*, 2001 WL 1762626, *1 (E.D. Pa. 2001).

history demonstrate the Congressional intent to preempt completely state law claims such as those asserted against Chase as a furnisher of credit information in this case.[3]

16. The Eleventh Circuit has held that an FCRA claim by a plaintiff gives rise to federal question jurisdiction. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998) (the FCRA "does not provide evidence that Congress intended to preclude removal"). Thus, removal of this action is proper.[4]

### B. Substantial Federal Question

17. Lewis's Complaint is couched in terms of state law. He has asserted only state law claims – defamation, negligence, and wantonness – against Chase. Chase submits that even

---

[3] For purposes of this removal notice, Chase is not asserting defensive preemption, which is substantive in nature and must be decided by a court having jurisdiction. *See* 15 U.S.C. § 1681h(e). Chase reserves its right to assert such preemption as a defense at the appropriate time.

[4] One district court in Alabama has interpreted the grant of concurrent federal and state jurisdiction in the FCRA -- § 1681p -- to mean that claims couched in terms of state law are not removable, even if in reality they state a claim under the FCRA. *Watkins v. Trans Union*, 118 F. Supp. 2d 1217 (N.D. Ala. 2000) (Acker, J.). Chase respectfully submits that this holding is distinguishable because it was decided prior to the FACT Act; therefore, the *Watkins* court did not have the benefit of the most recent statutory language and legislative history as signals of Congressional intent. *See also Shane v. Fleet Bank*, 132 F. Supp. 2d 953 (M.D. Ala. 2001) (similarly distinguishable). Moreover, in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), the Supreme Court affirmed the Eleventh Circuit's holding that the grant of concurrent jurisdiction in the Fair Labor Standards Act does not bar removal of a suit stating a FLSA claim from state to federal court. Section 1441(a) requires any exception to the general removability rule to be "expressly provided by Act of Congress." *Id.* at 697-98. Like the FLSA, the FCRA does not contain any such express provision prohibiting removal. Thus, if the complete preemption or substantial federal question exception to the well-pleaded complaint rule applies such that the plaintiff's Complaint invokes the FCRA, the case is removable under § 1441(a) and § 1681p. *See Chilton v. Savannah Foods & Industries, Inc.*, 814 F. 2d 620, 622-23 (11th Cir. 1987).

though Lewis has couched the Complaint in this manner, the real nature of the claim is federal. *See In re Carter*, 618 F. 2d 1093 (5th Cir. 1980).[5]

18. The core allegation in Lewis's Complaint is that Chase published false information concerning his credit to Equifax, a consumer reporting agency, after Chase knew the information was false. *See* Complaint, ¶¶ 9-10. Such an allegation necessarily implicates the FCRA, which governs the furnishing of information to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2 ("Responsibilities of furnishers of information to consumer reporting agencies"). In *Kane v. Guaranty Residential Lending, Inc.*, 2005 U.S. Dist. LEXIS 17052, *1, 5 (E.D.N.Y. 2005), the court held that the plaintiffs' claims (originally brought in state court) for negligence, wantonness, and defamation arising from defendants' alleged inaccurate credit reporting clearly implicated the FCRA. The court recognized that a proper analysis of such claims necessarily involved an examination of whether the plaintiffs had any viable causes of action under this federal statute. *Id.; see also Williams v. Metropolitan Life Ins. Co.*, 1994 U.S. Dist. LEXIS 13682, *1, 7 (S.D. N.Y. 1994) ("even though the complaint's second claim was framed in terms of state common law negligence and made no reference to the FCRA, the FCRA provides the exclusive cause of action for plaintiff's claim").

19. Lewis's Complaint against Chase for alleged inaccurate credit reporting necessarily arises under the FCRA, despite his efforts to cast his Complaint solely in terms of state law. Because the resolution of these claims will require the adjudication of substantial questions of federal law, federal jurisdiction exists.

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## OTHER REMOVAL REQUIREMENTS

20. No previous application has been made for the relief requested herein.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where the state court action is pending.

22. The plaintiff's Complaint filed in State Court includes a number of fictitious defendants, whose citizenship should be ignored for purposes of removal. 28 U.S.C. § 1441(a).

23. This Notice of Removal is being served on all named parties to the removed case.

24. A written Notice of Filing of Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court for the Circuit Court of Barbour County Alabama, and will be served upon Lewis, as required by 28 U.S.C. § 1446(d).

25.

**WHEREFORE**, Chase respectfully requests that this case be removed from the Circuit Court of Barbour County, Alabama, Clayton Division, to the United States District Court for the Middle District of Alabama.

Date: February 21, 2008.

_____
Lee M. Pope (POP008)

_____
Helen Kathryn Downs (DOW019)

Attorneys for Defendant
Chase Bank USA, N.A.

11

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone:     (205) 458-9400
Facsimile:      (205) 458-9500
lmp@johnstonbarton.com
hkd@johnstonbarton.com

OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that on this the __21__ day of February, 2008, I have served a true and correct copy of the foregoing on the following counsel of record by placing a copy of the same in the United States Mail, properly addressed and postage prepaid:

Mr. L. Shane Seaborn
Mr. Will Partin
PENN & SEABORN, L.L.C.
Post Office Box 688
Clayton, AL  36016

_____
Of Counsel

W0633872.DOC